UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON D. SMALLS,

                Plaintiff,

-against-

AMY COOPER, M.D.; DANIEL S. MUNDY, M.D.; MATTHEW CARETTO, ESQ.; ADA CHARLOTTE ARMOUR,

                Defendants.

22-CV-4115 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at the North Infirmary Command on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983. He asserts claims against his criminal defense counsel, an assistant district attorney, and two forensic psychiatrists who examined Plaintiff's fitness to proceed to trial. By order dated May 25, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Plaintiff Aaron Smalls alleges the following facts. Plaintiff was recently employed working at a food truck, which was stationed near the Queens Center Mall. (ECF 2 at 4, ¶ 4.) While incarcerated, Plaintiff was engaged in "mailing schooling," and he "was the teacher's aide at countless G.E.D. programs in different prisons." (*Id.* at ¶ 2.) He "only smoke[s] marijuana from a dispensary, which is legal," and he only drinks alcohol in social situations.[2] (*Id.* at ¶ 3.)

On March 22, 2022, Plaintiff had a video conference with forensic psychiatrist Amy Cooper, M.D. (*Id.* at 5.) At that time, Plaintiff was waiting for his 'bi-aural behind the ear dig[i]tal hearing" aids to be issued, and he seems to allege that he did not receive them until April 28, 2022, after the conference. Plaintiff contends that Dr. Cooper's evaluation was "illegal," by which he appears to mean that it was unlawful for Dr. Cooper to interview him when he did not have his hearing aids. (*Id.* at 5.)

Plaintiff attaches to the complaint reports from Dr. Cooper and Dr. Daniel S. Mundy, another forensic psychiatrist, in which both opined that Plaintiff was unfit to proceed to trial on the criminal charges against him.[3] (*Id.* at 19.) Plaintiff points to numerous errors in their reports. For example, Plaintiff notes that he "never stated [that he] lived in Washington, D.C. [He] stated that because of [his] excelling in school in Columbia, S.C., he attended Clark Elementary School and James Bolten Space Center of W.A. Perry Middle School so he was award[ed] trips to Washington, D.C., the Pentagon, and 'Capitol Hill!' etc." (*Id.* at 5, ¶ 2.). He also indicates that

---

[2] All spelling and punctuation from quoted material is original, unless otherwise noted.

[3] In light of the pyschiatric reports attached to Plaintiff's complaint, the Court considers below whether appointment of a guardian *ad litem* in this matter is warranted.

Dr. Mundy's misstatements about his education "make [Plaintiff] look dumb" and suggest that Plaintiff is "a manipulator and unethical." (*Id.* at 4.) Moreover, Plaintiff "never state[d] [that] he hears voices." Rather, his "[sub]conscious inspire[s] [his] idea[s] and creativity," as is true with most artists. (*Id.* at 9.)

Plaintiff describes his father as "an evil genius psychopath" and notes that his "lawyer is being influence[d] by him." (*Id.* at 6.) Plaintiff's father is "trying to bury [Plaintiff] illegally or physically." (*Id.*) Plaintiff states that he was "told in evaluation that he is a liar. Yet all 3 of them are being coached by [his] father." (*Id.* at 8.)

Plaintiff also lists numerous "concepts" that he has created and seeks to patent, including the "Intell[i]gent Baby Scroller," which has a "secure breathable" atmosphere controlled by a parent's phone, and "Intell[i]gent Tint," car color tinting using "pixel circuits and radio wave[s]" controlled by a phone. (*Id.* at 7.)

Plaintiff brings suit under Section 1983 against Doctors Cooper and Mundy, defense counsel Caretto and Assistant District Attorney (ADA) Charlotte Armour. Plaintiff seeks damages and asks the Court to order that Defendants be "suspended." (*Id.* at 11.)

## DISCUSSION

**A.      Private Parties**

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore are not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

3

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), an attorney's representation of a defendant in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that a legal aid organization ordinarily is not a state actor for purposes of § 1983). Plaintiff's defense attorney, Matthew Caretto of the Legal Aid Society, does not qualify as a state actor. Plaintiff therefore does not state a claim against Defendant Caretto under Section 1983.

**B.      Prosecutorial Immunity**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). Prosecutors are also absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff fails to plead facts about what ADA Armour did or failed to do that violated his rights. He thus fails to state a Section 1983 claim against her on which relief can be granted. To the extent that Plaintiff's claims are based on actions within the scope of her official

duties and associated with the conduct of pretrial criminal proceedings, the claims would be dismissed because they seek monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(b)(ii), (iii); *see also Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

C.   **Claims Against Forensic Psychiatrists**

Plaintiff sues Doctors Cooper and Mundy in connection with examinations and reports that they provided to the criminal court, which had ordered that Plaintiff be examined under N.Y. Crim. Proc. Law § 730.30. "Certain actors associated with the courts enjoy absolute, quasi-judicial immunity from suit because such immunity is 'necessary to protect the judicial process.'" *Gross v. Rell*, 695 F.3d 211, 215 (2d Cir. 2012). This quasi-judicial immunity has been extended to probation officers preparing and submitting presentence reports for sentencing purposes. *Hili v. Sciarrotta*, 140 F.3d 210, 213 (2d Cir. 1998).

District courts in this circuit have also applied quasi-judicial immunity to medical professionals who conduct court-ordered examinations and prepare reports pertaining to a defendant's competency to stand trial. *Chavez v. Doe 1-9*, No. 19-CV-4109 (RA), 2020 WL 230027, at *3 (S.D.N.Y. Jan. 15, 2020) (holding that "[t]o the extent Plaintiff is asserting claims against doctors who examined him pursuant to C.P.L. § 730, those actions were taken in connection with a court-ordered competency examination, and those doctors are thus immune from suit"); *Walton v. Rubel*, No. 16-CV-1989 (ENV) (LB), 2018 WL 3369664, at *3 (E.D.N.Y. July 10, 2018); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) ("Absolute immunity has extended to . . . court-appointed doctors and psychiatrists . . . ."), *aff'd*, 434 Fed. Appx. 32 (2d Cir. 2011); *Hunter v. Clark*, No. 04-CV-0920, 2005 WL 1130488, *1-2 (W.D.N.Y.

May 5, 2005) (holding that court-appointed psychiatrists, who submitted reports to the court after examining the plaintiff in a criminal case, enjoyed absolute immunity).

Plaintiff's claims against Doctors Cooper and Mundy arise from their involvement in conducting court-ordered psychiatric evaluations under Section 730 and submitting such reports to the criminal court. Defendants are immune from suit for such claims, and the Court therefore dismisses Plaintiff's claims against them based on quasi-judicial immunity.[4] *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### D.     Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The defects in Plaintiff's complaint cannot be cured with an amendment. As set forth above, Plaintiff's criminal defense counsel is not a state actor subject to suit under Section 1983, and the ADA is entitled to absolute prosecutorial immunity for actions closely associated with judicial proceedings. Moreover, quasi-judicial immunity bars Plaintiff's claims against the psychiatrists for their evaluation reports to the state criminal court. The Court therefore declines to grant Plaintiff leave to amend his complaint because it would be futile to do so.

---

[4] Under New York's statutory procedure, the ultimate decision about a defendant's fitness to proceed lies with the court, and it need not accept the conclusions of the examiners, even if they unanimously conclude that a defendant is (or is not) competent to stand trial. *See, e.g.*, N.Y. Crim. Proc. Law § 730.30 (3) (where "examination reports submitted to the court show that each psychiatric examiner is of the opinion that the defendant is an incapacitated person, the court may, on its own motion, conduct a hearing to determine the issue of capacity and it must conduct such hearing upon motion therefor by the defendant or by the district attorney."). Plaintiff can raise his concerns about his hearing aids, or any other basis for challenging the evaluations, in such a hearing.

E.  **Rule 17 of the Federal Rules of Civil Procedure**

Under Rule 17 of the Federal Rules of Civil Procedure, "[t]he court must appoint a guardian *ad litem* – or issue another appropriate order – to protect a[n] . . . incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c); *Galanova v. Portnoy*, 432 F. Supp .3d 433, 442 (S.D.N.Y. 2020) ("In cases in which the plaintiff is incapacitated, and therefore unable to proceed *pro se*, and is unrepresented, the district court must not reach the merits of a claim filed on behalf of an incompetent person who is not properly represented by a suitable guardian and through counsel." (internal quotation marks and citation omitted)).

The duty to consider whether Rule 17(c) applies is triggered by "evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003).

Even when a plaintiff has been adjudicated incompetent at the time of bringing suit, where the district court views it as "clear that no substantial claim could be asserted on behalf of [an incompetent person], it may dismiss the complaint, but without prejudice." *Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 135 (2d Cir. 2009); *see also Galanova*, 432 F. Supp. 3d at 433 (declining to appoint a guardian *ad litem* and dismissing claims without prejudice because "it is clear that no substantial claim may be brought on behalf" of the plaintiff).[5]

---

[5] The Court may also decline to appoint counsel on the same ground. *See Mil'chamot v. New York City Housing Auth.*, No. 15-CV-108 (PAE), 2016 WL 659108 (S.D.N.Y. Feb. 16, 2016) (holding that a court "may decline to appoint counsel for an incompetent person," and dismiss the matter without prejudice, "when it is clear that no substantial claim may be brought on behalf of such party".).

7

Here, Plaintiff does not indicate that the criminal court has adjudicated him incompetent, but he does show that two forensic psychiatrists who conducted court-ordered evaluations concluded in their reports that he was unfit to stand trial. This suffices to trigger the Court's duty to consider whether to appoint a guardian *ad litem* in this matter. The Court nevertheless concludes that appointment of a guardian *ad litem* is unwarranted because Plaintiff cannot pursue any substantial claims arising from the events described in the complaint. Plaintiff's claims suffer from incurable legal defects, and the Court therefore declines to appoint a guardian *ad litem* for Plaintiff in this action. The Court dismisses Plaintiff's claims without prejudice. *See Berrios*, 564 F.3d at 135.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 21, 2022
New York, New York

      /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      Chief United States District Judge